Filed 12/7/21  Mann v. Jeffery CA4/3

# NOT TO BE PUBLISHED IN OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION THREE

| | |
|---|---|
| DAVID MANN,<br><br>  Plaintiff and Appellant,<br><br>  v.<br><br>JASON JEFFERY et al.,<br><br>  Defendants and Respondents. | G059122<br><br>(Super. Ct. No. 30-2017-00896847)<br><br>O P I N I O N |

Appeal from a judgment of the Superior Court of Orange County, Walter P. Schwarm, Judge.  Affirmed.

Law Offices of Paul B. Sink III and Paul B. Sink III for Plaintiff, Cross-defendant, and Appellant.

Jeffery & Grosfeld, Mona J. Jeffery and Robert Grosfeld for Defendants, Cross-complainants, and Respondents.

\*          \*          \*

David Mann, Jason Jeffery, and Miguel Puente founded and co-owned Pacific Air Flight School, Inc. (PAFSI or Pacific Air, Inc.).  Jeffery and Puente forced Mann out of the company, and later founded a new company, Pacific Air Flight School, LLC (PAFSL or Pacific Air, LLC), which conducted the same type of business as Pacific Air, Inc.  Mann sued Jeffery and Puente for breach of fiduciary duty.

Following a bench trial, the trial court found in its statement of decision that, with one exception, Mann had failed to prove any breach of fiduciary duty by Jeffery and Puente.  The court found that a breach of fiduciary duty occurred when Jeffery and Puente operated Pacific Air, LLC, as a competing flight school while Pacific Air, Inc. was still in existence, but that Mann failed to prove he had suffered any damages as a result.  All of the trial court's findings were supported by substantial evidence.  We therefore affirm.

STATEMENT OF FACTS AND PROCEDURAL HISTORY

Mann, Jeffery, and Puente formed Pacific Air, Inc., in December 2013, with each owning one-third of the shares of the corporation.  All three were officers and directors of the corporation:  Puente was president, Mann was the chief financial officer and secretary, and Jeffery was the chief executive officer.

Mann used QuickBooks for Pacific Air, Inc.'s bookkeeping, and its customer list was contained on QuickBooks.  Mann admitted locking Jeffery and Puente out of the QuickBooks program in 2016, but testified he provided them access within about one day.  Mann also admitted removing Jeffery and Puente's administrative access to QuickBooks in order to maintain the historical integrity of the company's financial records.  Jeffery testified that Mann never provided the administration password for QuickBooks, and therefore he and Puente were never able to access the program.  A text

message exchange between Jeffery and Mann in January 2017 supports Jeffery's testimony on this matter.

Mann originally handled Pacific Air, Inc.'s accounting and bookkeeping on QuickBooks. Mann then hired a series of employees to help him with the books; Mann provided training on QuickBooks to each of these employees. In June 2016, Mann hired Denise Cruz to help with the books. Cruz approached Mann, Jeffery, and Puente and explained that the records on QuickBooks were so "messed up" that she felt a second set of books should be started. Mann agreed to the creation of a second set of books on the condition that Cruz would also correct the first set of books. Mann, however, felt that Cruz was "making even more of a mess." Mann fired Cruz in mid-December 2016. In January 2017, Jeffery and Puente rehired Cruz.

At some point in 2016, Mann made a complete copy of the QuickBooks records on a thumb drive, which he transferred to his home computer. This copy contained "[t]he company books, all the records of customers, customer balances, accounts, checking accounts, just the whole program, everything about the company."

Pacific Air, Inc. rented airplanes and operated as a flight school. It also purchased two airplanes for the flight school's use at a total cost of $41,000. Pacific Air, Inc. also rented four planes owned by Mann's company, Mann Aviation, Inc., and one owned by his attorney, Paul Sink. Pacific Air, Inc. received a management fee of 10 to 15 percent of the fees received for renting the airplanes; the remaining 85 to 90 percent of the money went to the owner of the plane.

Pacific Air, Inc.'s profit for 2015 was $18,921, or $6,308 for each shareholder. The profit and distribution to shareholders was lower in 2015 than it had been in 2014. In 2016, the profit was even lower—$6,020 for the year, or $2,007 per shareholder.[1]

---

[1] The profits reflected here are as reported on Pacific Air, Inc.'s federal tax returns. Mann's expert witness on business valuation, Keith Messerschmidt, did not rely on the

On December 26, 2016, Jeffery sent Mann notice of a special meeting of the board of directors. Mann did not attend the meeting on December 29, at which Jeffery and Puente voted to remove Mann as director and officer. Jeffery took over Mann's roles as chief financial officer and secretary. Jeffery and Puente removed Mann because he had locked them out of QuickBooks, fired the bookkeeper, was "extremely abrasive to customers," and was focused on the betterment of Mann Aviation, Inc. rather than Pacific Air, Inc. At that time, Jeffery withdrew two-thirds of the money from Pacific Air, Inc.'s bank account because he did not trust Mann and wanted to make sure he protected his and Puente's share of the corporation's assets. This money was deposited in a new corporate bank account, to which only Jeffery and Puente had access.

On February 24, 2017, Jeffery and Puente decided to dissolve Pacific Air, Inc. A certificate of election to wind up and dissolve the corporation was filed with the California Secretary of State on March 17, 2017, and a certificate of dissolution was filed on September 7, 2017. Jeffery and Puente made the decision to dissolve the corporation because Mann had sued them, the building in which their offices were located had been sold and they were being forced to vacate the premises, and Mann and Sink were filing insurance claims in connection with their aircraft that had been used by Pacific Air, Inc.

federal income tax returns when rendering his opinions. Instead, Messerschmidt relied on reports generated from Pacific Air, Inc.'s QuickBooks accounts. Trial exhibit 412, which was exhibit 6 from the Messerschmidt deposition, is a QuickBooks profit and loss statement for 2014, showing net income of $53,023.68. Trial exhibit 413, which was exhibit 7 from the Messerschmidt deposition, is a QuickBooks profit and loss statement for 2015, showing net income of $60,746.06. Trial exhibit 416, which was exhibit 3 from the Messerschmidt deposition, is a QuickBooks profit and loss statement for 2016, showing net income of $17,763.86. Another page from trial exhibit 416, which was exhibit 2 from the Messerschmidt deposition, showed net ordinary income for the 12 months ending December 31, 2016, as $14,737.26, and net ordinary income for the 12 months ending December 31, 2017 as a loss of $14,817.37.

At trial, Messerschmidt testified that none of the QuickBooks records were accurate, primarily because the reported income in QuickBooks was substantially less than the amount deposited into Pacific Air, Inc.'s bank account.

In March 2017, the two airplanes owned by Pacific Air, Inc. were appraised and were later sold for $11,200 and $18,000. After the company's bills were paid, the balance of the sales proceeds was distributed to Mann, Jeffery, and Puente.

Pacific Air, Inc. had leased office space near the Long Beach airport from December 2013 to March 2017. It was forced to leave those offices because the lessor was being evicted from the property. On March 30, 2017, the furnishings were removed from Pacific Air, Inc.'s offices while Mann was present. Although Mann had indicated a desire to claim one-third of the corporate property, he did not take any items from the offices on March 30. Mann may have taken some items before March 30, including a printer and a computer, airplane tires, and aviation headsets.

Jeffery and Puente formed Pacific Air, LLC sometime before April 1, 2017. Pacific Air, LLC's business was the same as Pacific Air, Inc.'s. Between April 1, 2017 and September 7, 2017, both Pacific Air, Inc. and Pacific Air, LLC were operating business entities.

In January 2017, Mann sued Jeffery and Puente for breach of fiduciary duty, imposition of a constructive trust, an accounting, and declaratory relief; the second amended complaint filed in July 2017 is the operative complaint.[2] Jeffery and Puente filed a cross-complaint against Mann for breach of fiduciary duty.[3]

The case was tried as a bench trial in January and February 2019. In December 2019, the trial court issued a detailed, 36-page statement of decision. Judgment was entered on February 3, 2020, and Mann appealed.

---

[2] Pacific Air, Inc. was also sued as a nominal defendant.

[3] Initially, the cross-complaint also included a claim for conversion; that claim was dismissed by Jeffery and Puente.

DISCUSSION

I.

*STANDARD OF REVIEW*

Where the court issues a statement of decision, it need only recite ultimate facts supporting the judgment being entered. (Code Civ. Proc., § 632; *Antelope Valley Groundwater Cases* (2020) 59 Cal.App.5th 241, 265.) "We review the trial court's express factual findings, and any implied findings, for substantial evidence." (*Apex LLC v. Sharing World, Inc.* (2012) 206 Cal.App.4th 999, 1009.)

II.

*THE TRIAL COURT MADE ALL NECESSARY FINDINGS AS TO WHETHER JEFFERY AND PUENTE USED REASONABLE CARE IN THE SALE OF CORPORATE ASSETS.*

Mann argues on appeal that the trial court erred by not making any findings regarding his claim that Jeffery and Puente failed to exercise reasonable care in the sale of Pacific Air, Inc.'s corporate assets.

"California courts 'have often recognized that majority shareholders, either singly or acting in concert to accomplish a joint purpose, have a fiduciary responsibility to the minority and to the corporation to use their ability to control the corporation in a fair, just, and equitable manner.'" (*Jara v. Suprema Meats, Inc.* (2004) 121 Cal.App.4th 1238, 1253 quoting *Jones v. H. F. Ahmanson & Co.* (1969) 1 Cal.3d 93, 108.) Corporate directors owe a fiduciary duty to the corporation and to its beneficiaries to perform their duties "in good faith, in a manner such director[s] believe[] to be in the best interests of the corporation and its shareholders and with such care, including reasonable inquiry, as an ordinarily prudent person in a like position would use under similar circumstances." (Corp. Code, § 309, subd. (a); see *Frances T. v. Village Green Owners Assn.* (1986) 42 Cal.3d 490, 506 & fn. 13.) Thus, as majority shareholders and corporate directors,

6

Jeffery and Puente owed Pacific Air, Inc. and Mann a fiduciary duty to use reasonable care in the sale of the corporate assets.

Contrary to Mann's argument, the trial court did address whether Jeffery and Puente used reasonable care in the sale of the corporate assets and did make findings in favor of Jeffery and Puente and against Mann on these issues. The statement of decision addressed the money withdrawn by Jeffery from the corporate bank account in December 2016, the sale of the two aircraft owned by the corporation, and the removal of computers, furniture, furnishings, aircraft headsets, and other personal property belonging to or used by the corporation. In each case, the trial court specifically found that Mann had failed to prove that Jeffery and Puente had breached any fiduciary duty in their use, sale, or transfer of these assets.

With respect to the lease of the business property and leases of aircraft, the trial court found that the rental of the business premises "was not an asset" of Pacific Air, Inc. Similarly, the trial court found that the airplanes Pacific Air, Inc. leased from other owners were not corporate assets. "With respect to the other airplanes used to operate PAFSI, the evidence was clear that PAFSI had oral lease agreements with the owners of these airplanes. Mr. Mann testified that he did not believe there were any written lease agreements. . . . Since PAFSI did not own the airplanes that other owners leased to PAFSI, PAFSI did not own these other airplanes as assets. PAFSI did not have the authority to sell these planes as part of its dissolution because they belonged to their owners. PAFSI, Mr. Mann, Mr. Puente, and Mr. Jeffery did not have a right to control these other airplanes belonging to other owners especially in light of the oral agreements that PAFSI had with the other owners. [¶] Thus, the court finds that Defendants did not breach their fiduciary duty by taking ownership or possession of the aircraft. . . . PAFSI did not have an ownership interest in the other airplanes used by PAFSI."

As to Mann's claim that Jeffery and Puente misappropriated the corporation's financial information and customer lists, the trial court found that all of the

7

corporation's financial information was available through QuickBooks, and that Mann had a complete copy of these records. "The evidence shows that Defendants did not deny access to Mr. Mann regarding the 'QuickBooks.' In fact, Mr. Mann made a copy of the 'QuickBooks' accounts in December 2016 by using a 'thumb drive.' . . . This 'thumb drive' contained, 'The company books, all the records of customers, customer balances, accounts, checking accounts, just the whole program. Everything about the company.' . . . Thus, Mr. Mann's access to the 'QuickBooks' was the same as Defendants' access." The trial court also found that no evidence of a specific "customer list" was presented. Rather, "the customer list consisted of ' . . . any customers that were ever entered into QuickBooks that ever did business with us.' . . . Since Mr. Mann had access to the 'QuickBooks' accounting records when he made copies of them, Defendants did not deny him access to a list of customers kept by 'QuickBooks.'"

Finally, the trial court found that Mann's failure to provide expert testimony at trial regarding Pacific Air, Inc.'s profits prevented the court from making findings as to whether profits were improperly withheld from Mann by Jeffery or Puente. Messerschmidt testified as to the business valuation of Pacific Air, Inc. as of December 31, 2016. He did not provide any expert testimony regarding damages caused by profits lost to Pacific Air, LLC during the period in which both entities were operational.

In short, the trial court found that Mann had failed to prove that Jeffery and Puente had acted other than with reasonable care when selling the corporate assets. The evidence presented at trial amply supports those findings.

## III.

### THE TRIAL COURT DID NOT ERR IN FINDING THAT MANN FAILED TO PROVE DAMAGES FOR JEFFERY AND PUENTE'S BREACH OF FIDUCIARY DUTY.

In its statement of decision, the trial court found that Jeffery and Puente breached their fiduciary duty to Pacific Air, Inc. and Mann by operating a competing

8

flight school—Pacific Air, LLC—while Pacific Air, Inc. was still a viable legal entity.[4] The court, however, found that Mann had failed to prove he or Pacific Air, Inc. had sustained any financial damage as a result of this breach of fiduciary duty.

The statement of decision reads, in relevant part: "Plaintiff did not provide evidence that PAFSL's customers were the same as PAFSI's customers. Plaintiff is correct that PAFSL and PAFSI operated essentially under the same business name. Plaintiff, however, did not provide evidence as to how the use of a substantially similar name resulted in monetary damage to Plaintiff. As discussed above, the court is not able to determine the value of the assets Defendants took on March 30, 2017 due to the unreliability of the evidence. Plaintiff did not provide any evidence that PAFSL used the same airplanes that PAFSI had used. Further, as to taking PAFSI's goodwill, Plaintiff did not provide expert testimony regarding the value of PAFSI's goodwill. Expert testimony was necessary to provide a factual basis as to whether PAFSI had goodwill as an asset. Plaintiff's Closing Argument Brief does not provide a monetary connection between Defendants' breach of fiduciary duty by operating a competing business to detriment sustained by PAFSI or Mr. Mann."

Mann argues that *Meister v. Mensinger* (2014) 230 Cal.App.4th 381 (*Meister*) required the trial court to find that Mann and Pacific Air, Inc. suffered damages as a result of Jeffery and Puente's breach of fiduciary duty. The Meisters received preferred shares in a software company, Sesame Technologies, Inc., in exchange for an investment of $2.1 million. (*Id.* at p. 387.) Defendant Mensinger was Sesame's CFO. (*Id.* at p. 388.) Sesame experienced financial difficulties, and its assets were sold to defendant ExtraView Corporation, which had been formed and was owned by Mensinger. (*Id.* at pp. 390-391.) The sale of Sesame's assets to ExtraView rendered the Meisters' preferred stock valueless. (*Id.* at p. 386.) The Meisters sued Mensinger and the other

---

[4] Jeffery and Puente do not challenge this finding on appeal.

defendants claiming, inter alia, that the preferential sale of Sesame's assets to ExtraView violated their fiduciary duties. (*Id.* at p. 392.) The trial court found that the defendants had breached their fiduciary duties, but that the plaintiffs had failed to prove any damages. (*Id.* at p. 394.)

The appellate court reversed the trial court's holding regarding damages: "While the damages suffered by the Meisters as a consequence of respondents' wrongdoing may not have been readily ascertained, it does not follow that the Meisters failed to establish the fact they were harmed by respondents' actions. Substantial evidence supports the trial court's conclusions that respondents breached their fiduciary duties to the Meisters, who consequently lost the entirety of their substantial investment in Sesame. The nature, existence, and cause of the Meisters' harm were thus certain. The question thus became one of determining the proper remedy, which we agree presents a difficult task." (*Meister, supra*, 230 Cal.App.4th at p. 396.)

In *Meister*, there was evidence that the Meisters suffered damages—the total loss of the value of their Sesame stock—but it was difficult to determine what the value of that stock was. In the present case, by contrast, there was no evidence that Pacific Air, Inc. or Mann suffered damages as a result of Pacific Air, LLC's use of the Pacific Air name. Why? Quite simply, there was no evidence that any Pacific Air, Inc. customer had transacted business with Pacific Air, LLC during the relevant time period. All parties agreed that the customer list for Pacific Air, Inc. was available through QuickBooks, but no evidence was offered that would show that Pacific Air, LLC conducted business with any of those customers during the time period where both entities existed. Mann also failed to provide any evidence of business that Pacific Air, Inc. had lost to Pacific Air, LLC due to confusion by the customers or due to Jeffery and Puente's breach of their fiduciary duty. Given the factual record in this case, *Meister, supra*, 230 Cal.App.4th 381, is not applicable.

10

Given the lack of any evidence of damages caused by Jeffery and Puente's breach of fiduciary duty by operating Pacific Air, LLC in competition with Pacific Air, Inc., the trial court did not err.

Finally, the trial court found that there was no evidence of the value of the goodwill of Pacific Air, Inc.'s business. Mann does not address this finding in his appellate briefs.

In his reply brief, Mann argues that the respondents' brief improperly attacks the basis of Messerschmidt's expert testimony regarding the value of Pacific Air, Inc.'s business. But the only issue as to which the trial court made a finding of liability as to breach of fiduciary duty was regarding the operation of Pacific Air, LLC while Pacific Air, Inc. was still an on-going concern. The value of the business was not relevant to that liability issue.

## IV.

*THE TRIAL COURT DID NOT ERR BY FAILING TO FIND THAT JEFFERY AND PUENTE BREACHED A FIDUCIARY DUTY BY NOT SELLING PACIFIC AIR, INC. AS AN ONGOING BUSINESS OR PAYING MANN A SHARE OF ITS ALLEGED VALUE AS AN ONGOING BUSINESS; IN ANY EVENT, MANN SUFFERED NO DAMAGES ON THIS CLAIM.*

Mann argues Jeffery and Puente breached their fiduciary duty by failing to sell Pacific Air, Inc., or pay Mann his share of a fair sales price. This issue was not placed before the trial court, however. In a joint statement provided to the trial court before the trial, Mann identified 12 separate fiduciary duties he claimed Jeffery and Puente had breached, but the sale of the business was not identified therein.

Even if the issue had been before the trial court, the court would not have erred in denying Mann's claim. The court found that Jeffery and Puente decided to dissolve Pacific Air, Inc. because (1) Mann was suing Jeffery; (2) the company was required to change its business location; (3) both Mann and Sink were making insurance claims on the airplanes they had leased to Pacific Air, Inc.; (4) "[e]verything just became

11

overwhelming"; (5) the environment at work had become unhealthy; (6) Mann was threatening not to allow Pacific Air, Inc. to lease his airplanes; (7) there was concern that Pacific Air, Inc. would accumulate debt it could not repay; (8) Pacific Air, Inc. would have to be operating in order to be sold; (9) there was no apparent market for the company; and (10) Jeffery and Puente had determined that Pacific Air, Inc. had no value. The evidence supported these findings, and the finding that Jeffery and Puente were acting in good faith when they decided to dissolve Pacific Air, Inc. Therefore, the application of the business judgment rule would have prevented a finding of liability on this issue. (See *Berg & Berg Enterprises, LLC v. Boyle* (2009) 178 Cal.App.4th 1020, 1045-1046 [management decisions "made by directors in good faith in what the directors believe is the organization's best interest" are insulated from court intervention]; *Bauer v. Bauer* (1996) 46 Cal.App.4th 1106, 1115-1116, fn. 6 ["'*the courts are reluctant to interfere with a determination of the board of directors which is plausibly defended as being taken for a legitimate corporate purpose*. If the finding of fact is that the board made its decisions for a *proper corporate purpose*, and not from the alleged motivation of "squeezing out" the minority shareholder, then there is no violation of their fiduciary duty, and the minority shareholder is *generally remediless*'"].)

Finally, we note that, even if there had been a breach of fiduciary duty due to the lack of sale of Pacific Air, Inc., no damages were proven. This deficiency is fatal as damages are an essential element of a claim for breach of fiduciary duty. (*Gutierrez v. Girardi* (2011) 194 Cal.App.4th 925, 932.)


V.

*THE TRIAL COURT DID NOT ERR IN FAILING TO IMPOSE A CONSTRUCTIVE TRUST.*

Mann's second cause of action requested the imposition of a constructive trust over "the funds and physical assets" of Pacific Air, Inc., which Jeffery and Puente

12

had allegedly converted to their own use, and the income and profits of Pacific Air, Inc. and Pacific Air, LLC.

"A constructive trust, however, is an equitable *remedy*, not a substantive claim for relief." (*PCO, Inc. v. Christensen, Miller, Fink, Jacobs, Glaser, Weil & Shapiro, LLP* (2007) 150 Cal.App.4th 384, 398; see *Kim v. Westmoore Partners, Inc.* (2011) 201 Cal.App.4th 267, 277, fn. 4.) In its statement of decision, the trial court correctly determined that because it had found against Mann on the claim for breach of fiduciary duty, it did not have a basis on which to impose a constructive trust.

Mann argues that the trial court erred because "[i]mposition of a constructive trust is not conditioned upon a finding of a breach of fiduciary [duty] and proof of damages." Under the facts of this case, Mann is incorrect. "'A constructive trust cannot exist unless there is evidence that property has been wrongfully acquired or detained by a person not entitled to its possession.'" (*In re Marriage of Chapman* (2016) 3 Cal.App.5th 719, 727.) By not proving any damages due to Jeffery and Puente's breach of fiduciary duty, Mann failed to prove that Puente or Jeffery had wrongfully acquired any property to which they were not entitled to possession.

Mann also quotes from *Mattel, Inc. v. MGA Entertainments, Inc.* (9th Cir. 2010) 616 F.3d 904, 909, in which the Ninth Circuit held: "A plaintiff seeking imposition of a constructive trust must show: (1) the existence of a *res* (property or some interest in property); (2) the right to that *res*; and (3) the wrongful acquisition or detention of the *res* by another party who is not entitled to it." (See *Communist Party v. 522 Valencia, Inc.* (1995) 35 Cal.App.4th 980, 990.) This slightly different formulation of the rule leads to the same results: Mann failed to prove damages caused by Jeffery and Puente's breach of fiduciary duty, and therefore failed to prove the existence of profits by Pacific Air, LLC, his right to any such profits, or Jeffery and Puente's wrongful acquisition of such profits. The trial court did not err by refusing to impose a constructive trust.

13

## VI.

### *THE TRIAL COURT DID NOT ERR IN FAILING TO ORDER AN ACCOUNTING.*

The third cause of action in Mann's complaint alleged that he was entitled to an accounting to determine the amount of funds and other assets taken from Pacific Air, Inc. by Jeffery and Puente, and the profits generated by Pacific Air, LLC using Pacific Air, Inc.'s funds and assets.

"An accounting is an equitable proceeding which is proper where there is an unliquidated and unascertained amount owing that cannot be determined without an examination of the debits and credits on the books to determine what is due and owing. [Citations.] Equitable principles govern, and the plaintiff must show the legal remedy is inadequate. Thus, where the books and records are so complicated that an action demanding a fixed sum is impracticable, an accounting is appropriate. [Citation.] If an ascertainable sum is owed, an action for an accounting is not proper. [Citation.] Generally, an underlying fiduciary relationship, such as a partnership, will support an accounting, but the action does not lie merely because the books and records are complex. [Citations.] Some underlying misconduct on the part of the defendant must be shown to invoke the right to this equitable remedy." (*Prakashpalan v. Engstrom, Lipscomb & Lack* (2014) 223 Cal.App.4th 1105, 1136-1137.)

In its statement of decision, the trial court concluded: "Without evidence that PAFSI and PAFSL had common customers, Plaintiff has not established a basis to show that an unascertained and unliquidated amount is owing to him. The evidence is too speculative to demonstrate that there is an unascertained amount owing to Plaintiff. Therefore, the court finds Plaintiff's evidence does not support his claim for an accounting."

As explained *ante*, Mann failed to prove any damages arising from the breach of fiduciary duty by Jeffery and Puente by operating Pacific Air, LLC while Pacific Air, Inc. was still in existence. The failure to prove damages does not mean that

14

damages could not have been proven.  Mann cannot rely on his expert witness's testimony that the QuickBooks records were unreliable to claim a right to an accounting: until Mann was fired from Pacific Air, Inc. in mid-December 2016, the company's books and records were maintained by him or someone trained by him.

DISPOSITION

The judgment is affirmed.  Respondents to recover costs on appeal.


FYBEL, J.

WE CONCUR:


BEDSWORTH, ACTING P. J.


ZELON, J.*

*Retired Justice of the Court of Appeal, Second Appellate District, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.